UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN BEATY, et al.,

    Plaintiffs,

        v.

REPUBLIC OF IRAQ,

    Defendant.

Civil Action No. 03-0215 (JDB)

# ORDER

On March 20, 2007, the Court denied defendant Iraq's motion to dismiss this suit brought by plaintiffs under the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(7). Beaty v. Republic of Iraq, - - F. Supp. 2d - - , 2007 WL 836804 (D.D.C. 2007). Iraq has filed a timely notice of appeal (Dkt. #46) with respect to the denial of its motion on sovereign-immunity grounds. See Kirkham v. Societe Air France, 429 F.3d 288, 291 (D.C. Cir. 2005) (denial of a motion to dismiss on the basis of foreign sovereign immunity is immediately appealable). Contending that there is a substantial basis to dispute this Court's rejection of a number of its other arguments in support of dismissal and that resolution of those issues would materially advance the completion of this litigation, Iraq now asks the Court to certify its March 20, 2007 decision for immediate appeal pursuant to 28 U.S.C. § 1292(b). Dkt. #45 (Motion for Certification). Plaintiffs oppose the motion. Dkt. #47. The United States, which has filed three Statements of Interest in this suit, "takes no position" on the matter. Dkt. #48.

After careful consideration of defendant's motion, plaintiff's response, the March 20, 2007

-1-

Memorandum Opinion and Order, and the applicable law, the Court agrees that the order from which Iraq seeks to appeal involves controlling questions of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). The Court will therefore grant Iraq's motion to certify for immediate appeal the March 20, 2007 Order denying the motion to dismiss.

In denying Iraq's motion to dismiss, the Court first determined that plaintiffs had established the statutory prerequisites for asserting jurisdiction over a foreign sovereign under 18 U.S.C. § 1605(a)(7) and that the D.C. Circuit's decision in Acree v. Republic of Iraq, 370 F.3d 41 (D.C. Cir. 2004), compelled the conclusion that the President had not rendered § 1605(a)(7) inapplicable to Iraq. Beaty, - - F. Supp. 2d - - , 2007 WL 836804, at *8-*9. These rulings relating to subject-matter jurisdiction are the subject of the appeal that Iraq has already filed. The Court reads the remainder of its opinion, and Iraq's current motion, as presenting three discrete legal questions: (1) whether plaintiffs' suit should have been dismissed - - under the political-question doctrine, the foreign-affairs-preemption doctrine, or the act-of-state doctrine - - because adjudication would conflict with United States foreign policy as articulated by the Executive Branch; (2) whether, as this Court and other judges in this district have held, a claim under state common law satisfies the requirement set forth by the D.C. Circuit in Ciccipio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024 (D.C. Cir. 2004), and Acree that plaintiffs suing under § 1605(a)(7) ground their causes of action in a "specific source" of state, federal, or foreign law; and (3) assuming that state common law does supply a valid cause of action, whether the state laws of Florida and Oklahoma allow recovery for intentional infliction of emotional distress allegedly suffered by family members not present during the events at issue.

In identifying these questions, the Court does not purport to establish the contours of the D.C. Circuit's review. A certification order pursuant to § 1292(b), after all, does not compel the court of appeals to decide each and every issue on which the district court has passed or, for that matter, to resolve the precise questions that the district court has identified. See 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3929, at 380-392 (2d ed. 1996). To the contrary, the statute confers upon the appellate court the "discretion" to accept or reject the appeal and, upon accepting it, to "address any issue fairly included within the certified order." See Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996). And because "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question[s] formulated by the district court," this Court is not required to proceed seriatim through the issues it has already addressed in order to "formulate[]" specific questions appropriate for appellate resolution. See id.; see also United States v. Philip Morris USA, Inc., 396 F.3d 1190, 1194 (D.C. Cir. 2005). That is a task for Iraq to pursue in the first instance when it seeks permission to appeal from the D.C. Circuit. See Fed. R. App. P. 5(b); 16 Wright, Miller & Cooper, Federal Practice and Procedure § 3929, at 392.

The remaining issue, which is raised by the proviso in § 1292(b), is whether proceedings in this court should be stayed until Iraq's appeal is resolved. See 28 U.S.C. 1292(b) (stating that an "application for an appeal [under that section] shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"). The short answer is that all proceedings likely must be stayed because an appeal from the denial of a motion to dismiss on sovereign-immunity grounds - - which Iraq has already taken - - divests the district court of jurisdiction over the entire case. See Princz v. Fed. Republic of Germany, 998 F.2d 1, 1

(D.C. Cir. 1993) (per curiam).  But even were that not so, the Court would stay the matter to avoid wasting judicial resources - - and the parties' resources - - while the D.C. Circuit resolves the threshold question of subject-matter jurisdiction.  Cf. Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 169-70 (D.D.C. 2006) (certifying an order pursuant to § 1292(b) and staying proceedings "pending resolution of any appeals of jurisdictional rulings" by the D.C. Circuit).

Accordingly, it is this 19th day of April, 2007, hereby

**ORDERED** that defendant Iraq's motion to certify for immediate appeal the March 20, 2007 Order denying its motion to dismiss is **GRANTED**; it is further

**ORDERED** that further proceedings in this case are **STAYED** pending the U.S. Court of Appeals for the District of Columbia Circuit's resolution of Iraq's appeal; and it is further

**ORDERED** that the Status Conference scheduled for April 24, 2007 is cancelled.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:   April 19, 2007